## HOOK et al. v. DAVIS.　(No. 8694.)

(Court of Civil Appeals of Texas. Galveston.
Oct. 29, 1925. Rehearing Denied
Dec. 17, 1925.)

**Trover and conversion ⬅40(3)—Evidence of financial ability to purchase automobile converted held immaterial and too remote.**

In action for conversion of an automobile, testimony indicating that plaintiff, at time she claimed to have purchased automobile out of her separate means, was not in financial position to so purchase, was properly rejected as immaterial and too remote.

Appeal from Harris County Court at Law; Murray B. Jones, Judge.

Action by Josephine Davis against Henry C. Hook and another. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

K. C. Barkley, W. S. Parker, and W. Owen Dailey, all of Houston, for appellants.

Taliaferro, Epstein & Sonfield, of Houston, for appellee.

GRAVES, J. After careful consideration of the record in this cause, inclusive of the statement of facts, we conclude that there should be deducted from the recovery awarded appellee below the sum of $52.50, which she admits having owed for storage on the automobile, and that, as so reformed, the judgment of the trial court should be affirmed.

Irrespective of the action taken by the judge of the co-ordinate court, we think the pleadings and proof were sufficient to justify the trial court in permitting the appellee to prosecute the suit in her own name, and that the evidence was not only sufficient to support the jury's findings upon the three issues submitted to them, but also that the verdict furnished a proper basis for the judgment entered thereon. The effect of the appellee's petition was to charge conversion of the car and to seek its value at the alleged date of that occurrence, and there was evidence from which the jury were authorized to find that it had been converted, and that its reasonable market value at the time equaled the $600 they placed upon it.

We do not find that any reversible error was committed in the rejection of the testimony offered by appellants as tending to indicate that appellee, at the time she claimed to have purchased the automobile out of her separate means, was not in financial position to so purchase; these matters were too remote, and not material upon that issue.

Pursuant to these general conclusions, the judgment, after being reformed as indicated, will be affirmed.

Reformed and affirmed.